USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Fausto Fernandez,

                Plaintiff,

-against-

HW Farren, LLC et al.,

                Defendant.

1:21-cv-01717 (JPC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      The Court has been advised that non-party Police Officer Warren Ritter was served with a subpoena in this action, pursuant to Federal Rule of Civil Procedure 45, but failed to appear for his deposition. (*See* 2/24/22 Letter, ECF No. 24.) Defendants have issued a second subpoena, attached to this Order and So Ordered by the Court, for Officer Ritter to appear for a deposition on April 6, 2022. Thus, Officer Ritter is compelled to appear at the time and place indicated in the subpoena for his deposition.

      Officer Ritter is warned that if he fails to comply, he may be held in contempt. *See* Fed. R. Civ. P 45(g).  Defendants are directed to serve Office Ritter with the subpoena, along with a copy of this Order, no later than Tuesday, March 1, 2022.

**SO ORDERED.**

Dated:    New York, New York
           February 25, 2022

_____
STEWART D. AARON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X,
FAUSTO FERNANDEZ

                Plaintiff,

-against-

HW FARREN, LLC, RIVER STREET IDEALEASE, INC.
and AMILCAR COLON,

                Defendants.
-------------------------------------------------------------------X

**SUBPOENA TO TESTIFY AT DEPOSITION**

1:21-CV-01717 (JPC)(SDA)

TO:   **New York City Police Department**
       **Police Officer Warren J. Ritter**
       **33rd Precinct**
       **2207 Amsterdam Avenue**
       **New York, NY 10032**

GREETINGS:

      WE COMMAND YOU, That all business and excuses being laid aside, you and each of you appear and attend the offices of Lewis Johs Avallone Aviles, LLP., located at 61 Broadway, Suite 2000, New York, New York 10006, or by video conference on a platform to be determined on the 6th day of April, 2022, at 10:00 o'clock in the 'forenoon, and at any recessed or adjourned date to give testimony in this action at a deposition on the demand of the defendants, HW FARREN, LLC, RIVER STREET IDEALEASE, INC. and AMILCAR COLON regarding the accident that occurred on May 23, 2018 at approximately 5:40 a.m. at W.178th Street and Amsterdam Avenue, New York, NY and all of the relevant facts and circumstances in connection with this matter, including all issues regarding liability and damages. A copy of the Police Report is attached hereto and incorporated herein.

      Police Officer Ritter is requested to appear for a deposition to provide testimony regarding the foregoing accident, the vehicles involved at the scene of the accident, the

individual(s) involved in the accident, any information in Officer Ritter's possession regarding the damages and injuries claimed to have been sustained by plaintiff, any statements made by plaintiff to Officer Ritter, and any other information in Officer Ritter's possession regarding the accident. Police Officer Ritter is also requested to produce copies of any memoranda, notes, logs, books, records and papers in his custody and possession regarding the aforementioned accident that may be relevant to the issues herein.

The following provisions of Fed R. Civ. P. 45 are attached – Rule 45(c) relating to the place of compliance; Rule 45(d) relating to your protection as a person subject to a subpoena; and Rule 45€ and (g) relating to your duty to respond to the subpoena and the potential consequences for not doing so.

Dated: New York, New York
       February 24, 2022

Yours, etc.,

**LEWIS JOHS AVALLONE AVILES, LLP**
*Attorneys for Defendants*
HW FARREN, LLC, RIVER STREET
IDEALEASE, INC. and AMILCAR COLON
61 Broadway, Suite 2000
New York, New York 10006
212.233.7195

By: _____
**David L. Metzger, Esq.**

**So Ordered:**

_____
**The Hon. Stewart D. Aaron**

Dated: February 25, 2022

# POLICE ACCIDENT REPORT (NYC)
**New York State Department of Motor Vehicles**
MV-104AN (7/11)

Page 1 of 2 Pages

Precinct: 033
Accident No.: MV-2018-033-000660
[ ] AMENDED REPORT

| Field | Value |
|---|---|
| Accident Date | Month 5, Day 23, Year 2018 |
| Day of Week | WEDNESDAY |
| Military Time | 05:40 |
| No. of Vehicles | 2 |
| No. Injured | 1 |
| No. Killed | 0 |

[✓] VEHICLE 2  [ ] BICYCLIST  [ ] PEDESTRIAN  [ ] OTHER PEDESTRIAN

## VEHICLE 1
- Driver License ID Number: C62920397602722
- State of Lic.: NJ
- Driver Name: COLON, ANILCAR
- Address: 529 MONROE AVE
- City or Town: ELIZABETH
- State: NJ
- Zip Code: 07201
- Date of Birth: Month 2, Day 18, Year 1972
- Sex: M
- No. of Occupants: 1
- Name on registration: RIVER STREET IDEALEASE INC
- Address: 600 S RIVER ST
- City: HACKENSACK, State: NJ, Zip: 07601
- Plate Number: A86288
- State of Reg: NJ
- Vehicle Year & Make: 2013 INTERNATIONAL

## VEHICLE 2
- Driver License ID Number: 515370563
- State of Lic.: NY
- Driver Name: FERNANDEZ-RUBIERA, F
- Address: 1685 UNIVERSITY AVENUE, Apt. 3B
- City: BRONX, State: NY, Zip: 10453
- Date of Birth: Month 5, Day 22, Year 1967
- Sex: M
- No. of Occupants: 1
- Name on registration: FERNANDEZ-RUBIERA, F
- Address: 1685 UNIVERSITY AVENUE, Apt. 3B
- City: BRONX, State: NY, Zip: 10453
- Plate Number: T622895C
- State of Reg: NY
- Vehicle Year & Make: 2010 TOYOTA
- Vehicle Type: TAXI
- Ins. Code: 334

### VEHICLE 1 DAMAGE CODES
- Box 1 - Point of Impact: 1
- Box 2 - Most Damage: 5
- Enter up to three more Damage Codes: 3, 4, 5

### VEHICLE 2 DAMAGE CODES
- Box 1 - Point of Impact: 1
- Box 2 - Most Damage: 11
- Enter up to three more Damage Codes: 3, 4, 5

Vehicle Towed by 7 DAYS TOWING To 4519 BROADWAY NY, NY 10040

DIAGRAM ATTACHED ON SUBSEQUENT PAGE

2 SIDE SWIPE (SAME DIR)

Cost of repairs to any one vehicle will be more than $1000.
[ ] Unknown/Unable to Determine  [ ] Yes  [✓] No

Place Where Accident Occurred: [ ] BRONX [ ] KINGS [✓] NEW YORK [ ] QUEENS [ ] RICHMOND
Road on which accident occurred: WEST 178 STREET
Latitude/Northing: 40.846153
Longitude/Easting: -73.932335
At 1) intersecting street, or 2) 5 Feet [ ]N [ ]S [ ]E [✓]W of AMSTERDAM AVENUE

### Accident Description/Officer's Notes
AT T/P/O DRIVER OF VEHICLE 1 STATES HE WAS MAKING A RIGHT TURN ONTO S/B AMSTERDAM. VEHICLE 2 ATTEMPTED TO PASS HIM ON THE RIGHT TO TURN ONTO S/B AMSTERDAM, COLLIDING WITH VEHICLE 1. VEHICLE 1 IS A TRACTOR TRAILER. DRIVER OF VEHICLE 2 STATES HE TRIED TO PASS VEHICLE 1 ON THE RIGHT TO TURN RIGHT ONTO S/B AMSTERDAM, BUT COLLIDED WITH VEHICLE 1. DRIVER OF VEHICLE 2 REMOVED TO CPMC, COMPLAINT OF LOWER BACK PAIN.

### Involved
| A/B | 6 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 BY | TO 18 | Names of all Involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | 4 | 1 | 46 | M | - | - | - | - | - | COLON, ANILCAR | |
| B | 2 | 1 | 4 | 1 | 51 | M | 6 | 12 | 6 | 1844 | 7205 | FERNANDEZ-RUBIERA, F | |

Officer's Rank and Signature: POM
Print Name in Full: WARREN J RITTER
Tax ID No.: 959135
NCIC No: 03030
Precinct: 033
Reviewing Officer: SGT BRIAN P MAHER
Date/Time Reviewed: 05/23/2018 14:06

**PERSONS KILLED OR INJURED IN ACCIDENT** (Letter designation of persons killed or injured must correspond with letter designation on front).

| B Last Name | First | M.I. | Last Name | First | M.I. |
|---|---|---|---|---|---|
| FERNANDEZ-RUBIERA | F | | | | |
| Address | | | Address | | |
| 1685 UNIVERSITY AVENUE APT 3B BRONX NY 10453 | | | | | |
| Date of Birth: Month 5, Day 22, Year 1967 | Telephone (Area Code) | | Date of Birth | Telephone (Area Code) | |
| Last Name | First | M.I. | Last Name | First | M.I. |
| Address | | | Address | | |
| Date of Birth | Telephone (Area Code) | | Date of Birth | Telephone (Area Code) | |
| Last Name | First | M.I. | Highway Dist. at Scene?  ☐ Yes ☑ No | | |
| Address | | | Name: | | |
| Date of Birth | Telephone (Area Code) | | | Shield No. | |

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1 _____  Vehicle No. 2  **1-MA011021**

Expiration Date _____  Expiration Date **03/26/2018**

VIN  **1HSDESHN3CJ566643**  VIN  **1LNHM84W76Y604607**

**WITNESS** (Attach separate sheet, if necessary)
Name _____  Address _____  Phone _____

**DUPLICATE COPY REQUIRED FOR:**

☐ Dept. of Motor Vehicles (if anyone is killed/injured)
☐ Motor Transport Division (P.D. vehicle involved)
☐ NYC Taxi & Limousine Comm. (if a Licensed taxi or limousine involved)
☐ Other City Agency (Specify)

☐ Office of Comptroller (if a City vehicle involved)
☐ Personnel Safety Unit (if a P.D. vehicle involved)
☐ Highway Unit _____

**NOTIFICATIONS:** (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

**PROPERTY DAMAGED** (other than vehicles)    **OWNER OF PROPERTY** (Include city agency, where applicable)

**IF NYPD VEHICLE IS INVOLVED:**

| Police Vehicle — Operator's First Name | Last Name | | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|---|
| Make of Vehicle | Year | Type of Vehicle | Plate No. | | Dept. Vehicle No. | Assigned To What Command |

Equipment In Use At Time of Accident
☐ Siren  ☐ Horn  ☐ Turret Light  ☐ 4-Way Flasher  ☐ High-Level Warning Lights  ☐ Traffic Cones  ☐ Headlights

**ACTIONS OF POLICE VEHICLE**
☐ Responding to Code Signal
☐ Pursuing Violator
☐ Other (Describe)

☐ Complying with Station House Directive
☐ Routine Patrol

Page 2 of 2 Pages

AIV-104AN (7/11)

Side Swipe (same dir) : MV-2018-033-000660
Reporting Officer : POM WARREN J RITTER
Reviewing Officer : SGT BRIAN P MAHER   Reviewed Date : 05/23/2018 14:06



AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).